Constantine Papanicolaou, in Pro Se
Jolene Papanicolaou, in Pro Se
P.O. Box 1625
Ojai, Ca 93024
constantinepapanicolaou@gmail.com
jolenelogan@gmail.com
(805) 850-5376
(805) 850-5976

> **FILED**
>
> **JAN 2 3 2013**
>
> CLERK U.S. BANKRUPTCY COURT
> CENTRAL DISTRICT OF CALIFORNIA
> BY:_____ Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# NORTHERN DIVISION

| | |
|---|---|
| Constantine Papanicolaou, and Jolene Papanicolaou<br><br>Plaintiffs,<br><br>v.<br><br>Keystone Towing<br><br>Defendants. | Case No. 1:12-14475-MT<br>Chapter 7 Proceeding<br>Date: January 15, 2013<br><br><br>PLAINTIFFS' COMPLAINT FOR<br><br>1) Violation of the Automatic Stay<br>2) Continuing Violation of the Automatic Stay |

## I.   SUMMARY OF FACTS AND FACTUAL ALLEGATIONS

1.   On or about June 15, 2012, a 1993 Mazda Miata license number 5KCF398 was illegally towed from a legal street parking location in front of 12958 Vallyheart Dr. in Studio City, Ca by Defendant.  This vehicle is the property of Plaintiffs Constantine and Jolene Papanicolaou and was legally registered in both of their names at the time of the towing. Upon discovery of the towing Plaintiffs contacted the offices of Keystone Towing and were told that the vehicle was impounded for being parked on a public road with expired registration.  Keystone was notified by Plaintiffs AT THAT TIME that one of the registered owners, Jolene Papanicolaou, was in Bankruptcy under case # 1:12-14475-MT (filed May 14, 2012,) and that the Defendant did not have the right to withhold the vehicle because it was property of the Bankruptcy estate and protected by the Automatic Stay.  Defendant's telephone operator told the Plaintiffs that the fact that one of the owners was in bankruptcy had no bearing on Keystone and that they would not release the vehicle.  A Notice of Bankruptcy was mailed to KeystoneTowing along with current contact information.  This was not responded to.  No efforts to proactively deal with the situation were responded to either.

2.   Towing the vehicle from a public road or highway because of expired registration is only valid under CVC 22651(o)(1)(A) if the registration is expired for six months or more, which at the time of the towing it was not.  In fact, the registration had been expired for

- 3 -

only ONE DAY at the time of the towing, which gives the Defendant the appearance of having cased and targeted the Plaintiffs vehicle specifically to incur exorbitant fees. Also, withholding the vehicle for any reason from the registered owner while the registered owner is under Bankruptcy protection is an egregious violation of the Automatic Stay in Bankruptcy.  Violation of code section 11 USC 362 is punishable by Compensatory Damages, Punitive Damages, Sanctions, and Contempt.

In Fact:

"Once a debtor files a bankruptcy petition, he/she is protected by the automatic stay from any and all attempts to collect on the debt or to repossess any property which belongs to the bankruptcy estate.  In the event of a bankruptcy filing, most actions against a debtor are immediately and automatically stayed upon the filing of the bankruptcy petition (whether Chapter 7,  11, or 13). No court order is required to impose the stay. [11 USC § 362.]  For the duration of the stay, creditors are barred from creating or enforcing liens against property of the bankruptcy estate. [See 11 USC § 362(a)(4).]"

Any entity assisting a creditor in obtaining, false or otherwise, documents that infer title, ownership, or possession are also in violation of 11 U.S.C. 362 (Bankruptcy Automatic Stay) and therefore are liable for consequences and damages arising out of issues with the debtor in bankruptcy and possible contempt of court for doing so.

3.  On September 8, 2012, after numerous attempts by the Plaintiffs to deal with the

Defendant on the matter to no avail, and several letters (Exhibits 1 and 2), Plaintiffs

notified the Chapter 7 Bankruptcy Trustee of the problem, personally dropped a "Notice

of Bankruptcy Filing" off at Keystone's offices, and sent a letter to Defendant along with

a "Notice of Bankruptcy Filing" via registered mail (Exhibit 3), because it was obvious to

the Plaintiffs that the Defendant would continue to disregard their violation.  When the

Plaintiffs dropped the Notice of Bankruptcy Filing off at the Defendant's offices they

were told by the receptionist that the vehicle had already been sold at auction.

Subsequently, the only response to Plaintiff's certified letter and Notice of Bankruptcy

Filing was a letter demanding $1,045.00 for towing and storage fees and a notification

that Plaintiffs had been reported to the three credit reporting agencies for the debt

(Exhibit 4).

## II. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

#### Violation of the Automatic Stay

4.  On information and belief Defendant sold Plaintiff's vehicle at auction while Plaintiff

Jolene Papanicolaou's bankruptcy was active and the Automatic Stay was in full force.

The Defendant had been notified of the bankruptcy filing multiple times, starting from

the day of towing by telephone, letters sent immediately thereafter, and ultimately via

certified mail which was signed for by the Defendant or his agent.  By selling the vehicle

the Defendant *willfully* violated the Automatic Stay under 11 USC § 362(a)(4).

Defendant had full knowledge that Plaintiff Jolene was in bankruptcy and went ahead

with a lien sale auction regardless.


### SECOND CAUSE OF ACTION

### Continuing Violation of the Automatic Stay

5.  By failing to respond to the correspondence and notification of bankruptcy filing that was

delivered multiple times to the Defendant via personal delivery, US mail, and certified

mail the Defendant is in continual violation of the Automatic Stay in Defendant Jolene

Papanicolaou's currently active bankruptcy case.  The loss of this vehicle has made it

virtually impossible for the Plaintiffs to maintain employment.  This situation has left the

Plaintiffs with only one remaining vehicle between them, and looking for work has been

greatly hampered.  If both Plaintiffs were to be hired simultaneously it would be

impossible for the Plaintiffs to maintain a work schedule with only one vehicle, which is

exactly what happened to the Plaintiffs at the time of the towing.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IV. PRAYER FOR RELIEF**

**Compensatory Damages for Personal Property Illegally Dispersed, sold, used, or lost**

**by Defendant**

**Your Blue Book® Value**



# 1993 Mazda Miata MX-5

Style: Convertible 2D
Mileage: 60000

- Private Party Value

- Excellent

  $3,013

- Very Good

  $2,888

- Good

  $2,813

- Fair

  $2,338

Vehicle Highlights
MPG: City 21/Hwy 27    Max Seating: 2
Doors: 2                Engine: 4-Cyl, 1.6 Liter
Drivetrain: RWD         Transmission: Manual, 5-Spd
EPA Class: Two Seaters Body Style: Convertible
Country of Origin: JapanCountry of Assembly: Japan
Your Configured Options

Our pre-selected options, based on typical equipment for this car.

☐ Options that you added while configuring this car.

**Engine**
**4-Cyl, 1.6 Liter**

**Transmission**
**Manual, 5-Spd**

**Drivetrain**
**RWD**

**Comfort and Convenience**
**Air Conditioning**
☐ **Power Windows**
☐ **Cruise Control**

**Steering**
**Power Steering**

**Entertainment and Instrumentation**
**AM/FM Stereo**
**CD**

**Seats**
**Leather**

**Wheels and Tires**
**Alloy Wheels**

6. The above vehicle values were copied and pasted from the Kelly Blue Book website at :

http://www.kbb.com/mazda/miata-mx-5/1993-mazda-miata-mx-5/convertible-

- 8 -

2d/?category=&intent=trade-in-sell&pricetype=private-party&condition=&quizconditions=&options=386812|true|386816|true|386840|true|386848|true&path=&vehicleid=10753&mileage=60000&printable=true&previouspagename=ymmtrimtisellovr_selltrade#survey. The Plaintiff's vehicle was in very good condition with the exact options listed above, and therefore worth approximately $2,888.00 according to Kelly Blue Book.

7.  By losing the use of their second vehicle the Plaintiffs have been hampered in making themselves available for employment, and therefore damaged by the Defendant's violation of the Automatic Stay. Plaintiffs estimate that the loss of employment opportunity has cost them approximately $20,000 to date. Plaintiff Jolene was employed at the Watermark Restaurant in Ventura, Ca as a Chef (see Exhibit 5).  By losing the Miata Jolene was unable to share the remaining vehicle with her husband Constantine. Also, the remaining vehicle, a 2002 Volkswagen Jetta, did not get the same gas mileage as the Miata, and with the gas prices near $5.00 per gallon at the time is was impossible for the Plaintiff to maintain the commute to Ventura.  She soon after lost her job. Searching for employment alone has been reduced by more than 50%.

8.  The Plaintiffs respectfully request that this honorable Court enter a Judgment in favor of Plaintiffs in the amount of $22,888.00 for Compensatory Damages incurred by the Defendant's violation of the Automatic Stay under 11 USC 362.

**<u>Punitive Damages Resulting from Loss incurred through Continuing Violation of the</u>**

**<u>Automatic Stay</u>**

9.  Once informed of the existence of the Plaintiff's bankruptcy filing the Defendant had a duty to the Plaintiff to respond to them.  Defendant Keystone Towing did not do so. They were in possession of property of a Bankruptcy Estate and the Defendant knew it. They willfully chose to violate the Automatic Stay and then by not responding to the proceedings of this Court continue to violate the Automatic Stay and continue to cause the Estate of Debtor and Plaintiff Jolene Papanicolaou damage.  Plaintiffs state that this situation has caused them undue hardship and stress.    The Defendant is acting contemptuously by willfully and knowingly continuing to act in violation of the Automatic Stay, and should be liable for Punitive Damages as well as Compensatory. Plaintiffs estimate that the Undue Hardship and Stress has cost them an additional $20,000.00 and respectfully request that this honorable Court award Plaintiffs this additional $20,000.00 as Punitive Damages resulting from willful violation and continuing violation of the Automatic Stay under 11 USC § 362(a)(4).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

Dated: January 15, 2013                                 Constantine and Jolene Papanicolaou, In Pro Se

20

21

22

_____

Constantine N. Papanicolaou

23

24

25

_____

Jolene K. Papanicolaou

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**VERIFICATION**

I, Jolene K. Papanicolaou am the Plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same is true of my knowledge, except as to those matters that are therein alleged on information and belief, and, as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct this 15th day of January, 2013.

_____
Jolene K. Papanicolaou

1

2

3

4

5

6

7

8        **VERIFICATION**

9

10

11        I, Constantine N. Papanicolaou am the Plaintiff in the above-entitled action.  I have read the
foregoing complaint and know the contents thereof.  The same is true of my knowledge, except

12   as to those matters that are therein alleged on information and belief, and, as to those matters, I
believe them to b e true.

13        I declare under penalty of perjury under the laws of the State of California that the foregoing
is true and correct this 15th day of ~~~~, 2013.

14

15

16

17

18

19   Constantine N. Papanicolaou

20

21

22

23

24

25

26

27

28

# EXHIBIT
## "1"

To: Keystone Towing
    7817 Woodley Avenue
    San Fernando Valley, CA 91406
    (818) 782-1996

From: Constantine and Jolene Papanicolaou
    P.O. Box 1625
    Ojai, CA 93024
    (805) 850-5376

Date: June 17, 2012

Re: Mazda Miata Lic # 5KCF398
    VIN JM1NA3512P0417930

To Whom It May Concern,

    The above mentioned vehicle was illegally towed from a legal street parking location in front of 12958 Vallyheart Dr. in Studio City on or about June 15, 2012 by your company. This vehicle is the property of Constantine and Jolene Papanicolaou and was legally registered in both of our names at the time of the towing. Upon discovery of the towing we contacted your offices and were told that the vehicle was impounded for being parked on a public road with expired registration. Your office was notified AT THAT TIME that one of the registered owners, Jolene Papanicolaou, was in Bankruptcy under case # 1:12-14475-MT (filed May 14, 2012,) and that your company did not have the right to withhold the vehicle because it was property of the Bankruptcy estate and protected by the automatic stay. Your telephone operator said that the fact that one of the owners was in bankruptcy had no bearing on your company and that you would not release the vehicle. We are mailing this letter to your company along with current contact information and a Notice of Bankruptcy Filing. Please respond ASAP as this vehicle is property of Jolene Papanicolaou's Bankruptcy Estate and should be released back to her immediately.

    Towing the vehicle from a public road or highway because of expired registration is only valid under CVC 22651(o)(1)(A) if the registration is expired for six months or more, which at the time of the towing it was not. In fact, the registration had been expired for only ONE DAY at the time of the towing, which gives your company the appearance of having cased and targeted our vehicle specifically to incur exorbitant fees. Also, withholding the vehicle for any reason from the registered owner while the registered owner is under Bankruptcy protection is an egregious violation of the Automatic Stay in Bankruptcy. Violation of this FEDERAL code section 11 USC 362 is punishable by Compensatory Damages, Punitive Damages, Sanctions, and Contempt.

In Fact:

"Once a debtor files a bankruptcy petition, he/she is protected by the automatic stay from any and all attempts to collect on the debt or to repossess any property which belongs to the bankruptcy estate.  In the event of a bankruptcy filing, most actions against a debtor are immediately and automatically stayed upon the filing of the bankruptcy petition (whether Chapter 7,  11, or 13). No court order is required to impose the stay. [11 USC § 362.]  For the duration of the stay, creditors are barred from creating or enforcing liens against property of the bankruptcy estate. [See 11 USC § 362(a)(4).]" Any entity assisting a creditor in obtaining, false or otherwise, documents that infer title, ownership, or possession are also in violation of 11 U.S.C. 362 (Bankruptcy Automatic Stay) and therefore are liable for consequences and damages arising out of issues with the debtor in bankruptcy and possible contempt of court for doing so.

    Please take immediate action or we will be compelled to take further and much more sever legal action.  You have so been advised.  Please see fit to rectify this situation to avoid any further damage to all parties.

Thank you for your attention to this urgent matter.

Sincerely,


Constantine and Jolene Papanicolaou

# EXHIBIT
## "2"

To: Keystone Towing
   7817 Woodley Avenue
   San Fernando Valley, CA 91406
   (818) 782-1996

From: Constantine and Jolene Papanicolaou
   P.O. Box 1625
   Ojai, CA 93024
   (805) 850-5376

Date: July 10, 2012

Re: Mazda Miata Lic # 5KCF398
   VIN JM1NA3512P0417930

To Whom It May Concern,

   The above mentioned vehicle was illegally towed from a legal street parking location
in front of 12958 Vallyheart Dr. in Studio City on or about June 15, 2012 by your
company. This vehicle is the property of Constantine and Jolene Papanicolaou and was
legally registered in both of our names at the time of the towing. Upon discovery of the
towing we contacted your offices and were told that the vehicle was impounded for being
parked on a public road with expired registration. Your office was notified AT THAT
TIME that one of the registered owners, Jolene Papanicolaou, was in Bankruptcy under
case # 1:12-14475-MT (filed May 14, 2012,) and that your company did not have the
right to withhold the vehicle because it was property of the Bankruptcy estate and
protected by the automatic stay. Your telephone operator said that the fact that one of the
owners was in bankruptcy had no bearing on your company and that you would not
release the vehicle. A prior letter to your company was sent on June 17 along with
current contact information and a Notice of Bankruptcy Filing. Any lien sale or
attempted lien sale is automatically VOID. Please respond ASAP as this vehicle is
property of Jolene Papanicolaou's Bankruptcy Estate and should be released back to her
immediately. Again:

   Towing the vehicle from a public road or highway because of expired registration is
only valid under CVC 22651(o)(1)(A) if the registration is expired for six months or
more, which at the time of the towing it was not. In fact, the registration had been
expired for only ONE DAY at the time of the towing, which gives your company the
appearance of having cased and targeted our vehicle specifically to incur exorbitant fees.
Also, withholding the vehicle for any reason from the registered owner while the
registered owner is under Bankruptcy protection is an egregious violation of the
Automatic Stay in Bankruptcy. Violation of this FEDERAL code section 11 USC 362 is
punishable by Compensatory Damages, Punitive Damages, Sanctions, and Contempt.

In Fact:

"Once a debtor files a bankruptcy petition, he/she is protected by the automatic stay from any and all attempts to collect on the debt or to repossess any property which belongs to the bankruptcy estate.  In the event of a bankruptcy filing, most actions against a debtor are immediately and automatically stayed upon the filing of the bankruptcy petition (whether Chapter 7,  11, or 13). No court order is required to impose the stay. [11 USC § 362.]  For the duration of the stay, creditors are barred from creating or enforcing liens against property of the bankruptcy estate. [See 11 USC § 362(a)(4).]" Any entity assisting a creditor in obtaining, false or otherwise, documents that infer title, ownership, or possession are also in violation of 11 U.S.C. 362 (Bankruptcy Automatic Stay) and therefore are liable for consequences and damages arising out of issues with the debtor in bankruptcy and possible contempt of court for doing so.


    Please take immediate action or we will be compelled to take further and much more sever legal action.  You have so been advised.  Please see fit to rectify this situation to avoid any further damage to all parties.

Thank you for your attention to this urgent matter.

Sincerely,


Constantine and Jolene Papanicolaou

# EXHIBIT
## "3"

To: Keystone Towing
    7817 Woodley Avenue
    San Fernando Valley, CA 91406
    (818) 782-1996

From: Constantine and Jolene Papanicolaou
    P.O. Box 1625
    Ojai, CA 93024
    (805) 850-5376

Date: September 8, 2012

Re: Mazda Miata Lic # 5KCF398
    VIN JM1NA3512P0417930

To Whom It May Concern,

    The above mentioned vehicle was illegally towed from a legal street parking location
in front of 12958 Vallyheart Dr. in Studio City on or about June 15, 2012 by your
company. This vehicle is the property of Constantine and Jolene Papanicolaou and was
legally registered in both of our names at the time of the towing. Upon discovery of the
towing we contacted your offices and were told that the vehicle was impounded for being
parked on a public road with expired registration. Your office was notified AT THAT
TIME that one of the registered owners, Jolene Papanicolaou, was in Bankruptcy under
case # 1:12-14475-MT (filed May 14, 2012,) and that your company did not have the
right to withhold the vehicle because it was property of the Bankruptcy estate and
protected by the automatic stay. Your telephone operator said that the fact that one of the
owners was in bankruptcy had no bearing on your company and that you would not
release the vehicle. A Notice of Bankruptcy was mailed to your company along with
current contact information. This was not responded to. No efforts to proactively deal
with the situation were responded to either.

    Towing the vehicle from a public road or highway because of expired registration is
only valid under CVC 22651(o)(1)(A) if the registration is expired for six months or
more, which at the time of the towing it was not. In fact, the registration had been
expired for only ONE DAY at the time of the towing, which gives your company the
appearance of having cased and targeted our vehicle specifically to incur exorbitant fees.
Also, withholding the vehicle for any reason from the registered owner while the
registered owner is under Bankruptcy protection is an egregious violation of the
Automatic Stay in Bankruptcy. Violation of this FEDERAL code section 11 USC 362 is
punishable by Compensatory Damages, Punitive Damages, Sanctions, and Contempt.

In Fact:

"Once a debtor files a bankruptcy petition, he/she is protected by the automatic stay from any and all attempts to collect on the debt or to repossess any property which belongs to the bankruptcy estate. In the event of a bankruptcy filing, most actions against a debtor are immediately and automatically stayed upon the filing of the bankruptcy petition (whether Chapter 7, 11, or 13). No court order is required to impose the stay. [11 USC § 362.] For the duration of the stay, creditors are barred from creating or enforcing liens against property of the bankruptcy estate. [See 11 USC § 362(a)(4).]" Any entity assisting a creditor in obtaining, false or otherwise, documents that infer title, ownership, or possession are also in violation of 11 U.S.C. 362 (Bankruptcy Automatic Stay) and therefore are liable for consequences and damages arising out of issues with the debtor in bankruptcy and possible contempt of court for doing so.

After numerous attempts to deal with your company on the matter to no avail, we have notified the Chapter 7 Bankruptcy Trustee of the problem, personally dropped a "Notice of Bankruptcy Filing" off at your office, filed an opposition of lien sale with the Bankruptcy court along with a motion for an order forcing your company to disclose the disposition of the vehicle and also to forthwith release the vehicle. We are also sending this letter to your company along with a "Notice of Bankruptcy Filing" via registered mail, because it is obvious that your company will continue to bully its clients by ignoring them and not responding to anything that does not force a response. The Chapter 7 Trustee advised us that your company's refusal to IMMEDIATELY RELEASE THE VEHICLE UPON NOTIFICATION OF THE VEHICLE OWNER"S BANKRUPTCY STATUS IS A DIRECT VIOLATION OF FEDERAL BANKRUPTCY CODE 11 USC 362.

Please take immediate action or we will be compelled to take further and much more sever legal action. You have so been advised. Please see fit to rectify this situation to avoid any further damage to all parties.

Thank you for your attention to this urgent matter.

Sincerely,


Constantine and Jolene Papanicolaou

# EXHIBIT
## "4"

# LIEN ENFORCEMENT, INC

PO BOX 3000E
SAN JOSE, CA 95156

1-(877)-757-2296 Toll-Free
Monday - Friday 8:00 am - 6:00 pm
SE HABLA ESPANOL

RE:  JOLENE KAY LUNGWI PAPANICOLAOU
CREDITOR: KEYSTONE TOWING
REFERENCE #:  0001138401
AMOUNT:  $1,045.00
INTEREST:  $18.04
TOTAL DUE:  $1,063.04

November 20, 2012

You have been previously notified that your account has been placed with Lien Enforcement, Inc. for a balance due of $1,063.04.

You have responded by not paying your balance of $1,063.04, ignoring our letters and phone calls.

Unfortunately, we have had to report your delinquency to the credit bureaus and it will appear on your credit report.  This may negatively affect you when you apply for credit, such as an auto loan, mortgage or credit card.

Please take this opportunity to pay your balance due today to prevent further action from being taken to collect this debt.  If paid in full to our office now, all further collection activity will be stopped.

Please send your payment today or call toll free at 1-(877)-757-2296 with your proposed payment arrangements.

Once payments are made or payment in full is received, it will be reflected on your credit report.

Regards,

*COLLECTION DEPARTMENT*
1-877-757-2296

Because of interest and other charges, which may be applicable and may vary from day to day, the amount due on the day you pay may be greater. If you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call toll free at 1-(877)-757-2296.

This is a communication from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

PARA LEER ESTE AVISO EN ESPANOL, CONSULTA EL REVERSO

............................................................................................................................................................
PLEASE ENCLOSE THIS PORTION WITH YOUR PAYMENT IN THE ENVELOPE PROVIDED

☐ VISA   ☐ MASTERCARD   ☐ DISCOVER   ☐ AMEX

TOTAL DUE: $1,063.04

DEPT 393      9193497912117
PO BOX 4115
CONCORD CA 94524

AUTHORIZED PAYMENT AMOUNT: $_____

NAME ON CARD: _____

CARD NUMBER: _____

RETURN SERVICE REQUESTED

EXPIRATION DATE: _____

SIGNATURE OF CARDHOLDER _____

PLEASE SEND PAYMENTS AND CORRESPONDENCE TO:

000113840101
JOLENE KAY LUNGWI PAPANICOLAOU
CONSTANTINE PAPANICOLAOU
PO BOX 1625
OJAI CA 93024-1625

LIEN ENFORCEMENT, INC
PO BOX 3000E
SAN JOSE, CA 95156

LEI3RD-1120-308709243 671

FORM B104  (08/07)

RECEIVED
JAN 2 3 2013

2007 USBC, Central District of California

## ADVERSARY PROCEEDING COVER SHEET
(Instructions on Page 2)

BANKR. SERVICES
CENTRAL DISTRICT OF CALIFORNIA
BY_____
Deputy Clerk

**ADVERSARY PROCEEDING NUMBER**
(Court Use Only)

| PLAINTIFFS  *Constantine Papanicolaou*  *Jolene K. Papanicolaou* | DEFENDANTS  *Keystone Towing* |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)  *Pro Se* | ATTORNEYS (If Known) |

| PARTY (Check One Box Only) | | PARTY (Check One Box Only) | |
|---|---|---|---|
| ☒ Debtor | ☐ U.S. Trustee/Bankruptcy Admin | ☐ Debtor | ☐ U.S. Trustee/Bankruptcy Admin |
| ☐ Creditor | ☐ Other | ☐ Creditor | ☒ Other |
| ☐ Trustee | | ☐ Trustee | |

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

*Violation of The Automatic Stay*

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- ☒ 11-Recovery of money/property - §542 turnover of property
- ☐ 12-Recovery of money/property - §547 preference
- ☒ 13-Recovery of money/property - §548 fraudulent transfer
- ☒ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $  *42,888.* |

Other Relief Sought

FORM B104 (08/07), page 2                                                                                          2007 USBC, Central District of California

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR   Jolene K. Papanicolaou | | BANKRUPTCY CASE NO.   1:12-bk-14475-MT |
|---|---|---|
| DISTRICT IN WHICH CASE IS PENDING   Central | DIVISIONAL OFFICE   Woodland Hills | NAME OF JUDGE   Tighe |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | |
|---|---|
| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.